**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Richard LaBelle,** | ) | **CASE NO. 4:15 CV 721** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Warden, FCI Elkton,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Richard LaBelle, a federal prisoner incarcerated in the Federal Correctional Institution in Elkton, Ohio, has filed the pending Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1)  For the reasons stated below, the petition is denied and this action is dismissed.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).  "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be

determined from the petition itself without need for consideration of a return." *Id*.

It is evident from the face of the petition that petitioner is not entitled to relief under 28 U.S.C. §2241. Petitioner is challenging a conviction, pursuant to a guilty plea, in the Eastern District of Michigan for possession of child pornography. Petitioner unsuccessfully attempted to challenge this conviction in a motion to vacate sentence brought under 28 U.S.C. § 2255. *See U.S. v. LaBelle*, Case No. 11-CV-14034, 2013 WL 6163162 (E.D. Mich. Nov. 25, 2013). Petitioner now seeks to challenge his conviction via § 2241.

Section 2255 is the primary avenue for relief for a federal prisoner challenging the legality of his conviction, while a habeas proceeding under § 2241 "is appropriate for claims challenging the execution or manner in which [his] sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 contains a limited "savings clause" allowing a prisoner to challenge a conviction under § 2241 in very narrow circumstances. *See* 28 U.S.C. § 2255(e). The prisoner must show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997).

The remedy under § 2255 is not inadequate or ineffective, however, because a petitioner has been denied relief under § 2255, is procedurally barred from pursuing § 2255 relief, or has been denied permission to file a second or successive § 2255 petition. *Barnes v. United States*,102 Fed App'x 441, 443 (6th Cir. 2004). Rather, to date, the savings clause has "only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland,* 473 Fed. App'x 501, 502 (6th Cir. 2012). Actual innocence can be shown where the

prisoner shows that "an intervening change in the law establishes his actual innocence." *Barnes*, 102 Fed App'x at 443.

Although the petitioner asserts he is actually innocent of the crime for which he was convicted, he does not allege or demonstrate actual innocence based on an intervening, retroactively-applicable Supreme Court decision. Instead, he raises the same arguments he raised and the district court rejected in his prior unsuccessful § 2255 motion.

On its face, the petition does not assert a claim that is cognizable under § 2241.

## Conclusion

Accordingly, the pending Petition for a Writ of Habeas Corpus is denied and this action is dismissed under 28 U.S.C. § 2243. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/26/15